961 F.2d 1579
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Edward Eugene MORTON, Defendant-Appellant.
 No. 91-5848.
 United States Court of Appeals, Sixth Circuit.
 April 22, 1992.
 
 Before RALPH B. GUY, JR. and RYAN, Circuit Judges, and JOINER, Senior District Judge.*
 PER CURIAM.
 
 
 1
 In this case, we are called upon to review the validity of a search warrant issued upon a finding of probable cause to believe that a residence was being used to store alcohol for sale in violation of state law. Defendant, Edward Morton, the lessee of the residence, entered pleas of guilty to possession with intent to distribute marijuana and conspiracy to manufacture and distribute marijuana based upon the seizure of marijuana plants in the course of the search. After a conditional guilty plea, Morton now appeals the district court's finding that the search warrant survives scrutiny under the Fourth and Fourteenth Amendments to the United States Constitution. U.S. Const. amends. IV, XIV. We shall affirm.
 
 
 2
 Two search warrants were issued on September 15, 1990, one authorizing the search of Morton's residence, and the other authorizing the search of an adjacent store and residence owned by third parties. The affidavits upon which the search warrants were based, alleged that the occupants of the premises in question were involved in the illegal sale of alcohol (defendant resided in a county in which the sale of alcohol was illegal). The affidavit submitted in support of the search of defendant's residence recited that a confidential informant, who had previously given information leading to arrests and convictions, had informed the officer that he had seen a thin white male with brown hair carrying beer from the residence to the store on September 8, 1990, and, on the same day, had seen beer being sold in the store. The affidavit supporting the search warrant for the store and for the residence of the store's owners, stated more specifically that the informant had seen the store's owner sell six 12-ounce bottles of beer to a white male for nine dollars. The affidavit offered in support of the search of Morton's residence contained no evidence of independent investigation by the affiant officer, but the second affidavit noted that alcoholic beverages had been seized from the store owner's residence within the previous year for violation of the same statute.
 
 
 3
 We are directed by Illinois v. Gates, 462 U.S. 213 (1983), to examine the totality of the circumstances for a "commonsense, practical" evaluation of affidavits which are based upon the testimony of confidential informants and to give "great deference" to the determination of the issuing authority. Id. at 230, 236. Morton asserts that no sufficient connection was shown between the criminal sale of alcohol at the store, and his residence, because the affidavit did not recite the kind or quantity of beer seen being carried from his home, nor if the alleged sale at the store took place before or afterward. Morton also argues that the facts recited in the affidavit were stale.
 
 
 4
 The affidavit at issue satisfied the requirements of Gates. First, the affidavit contained a sufficient factual basis for the officer's assertion that the informant was reliable, since the affidavit recited that the informant had previously supplied information leading to arrests and convictions. Second, the affidavit also provided the entire factual basis of the informant's statements: firsthand observation of the transportation of beer from defendant's residence, and sale of the beer at the store. These statements gave the state court a basis upon which to evaluate the reasonableness of the officer's conclusions.
 
 
 5
 Morton attempts to sever the commonsense implications of the informant's observations of the sale of beer at the store and of beer being carried from his home. While not adhering to any one alternative as fact, Morton suggests several hypotheticals to account for the activity observed. As the Supreme Court noted in Gates, probabilities are the foundation of the inquiry, 462 U.S. at 235, and we find the inference drawn by the state court the most probable construction of events. We also are unpersuaded that the facts recited in the affidavit were stale, since the officer obtained the search warrant one day after speaking with the informant, and only one week after the events were observed.
 
 
 6
 We do not disagree with defendant that the affidavit could have made a stronger case by providing more detail as to the informant's observations. However, based upon our review of the affidavit, and in light of the deference due the determination of the state court, we conclude that a sufficient basis for a finding of probable cause was shown. Gates, 462 U.S. 213.
 
 
 7
 In addition, the record does not indicate that the state judicial officer was not neutral and detached from the police, nor does it suggest any impropriety in developing or reporting the facts to the state judicial officer. United States v. Leon, 468 U.S. 897 (1984). There was no error in denying the motions to suppress and quash.
 
 
 8
 AFFIRMED.
 
 
 
 *
 The Honorable Charles W. Joiner, United States District Court for the Eastern District of Michigan, sitting by designation